**In the Matter of Renee S. JACKSON.**

**No. 784S280.**

Supreme Court of Indiana.

March 4, 1985.

Julian B. Allen, Gary, for respondent.

Sheldon A. Breskow, Executive Secretary, Gregory M. Fudge, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Comn.

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission has filed a four-count verified complaint charging the Respondent with violating Disciplinary Rules 6–101(A)(3), 9–102(B)(4) and 1–102(A)(1), (3), (4), (5) and (6) of the *Code of Professional Responsibility for Attorneys at Law.* Pursuant to Ind.R. A.D. 23, Section 12, the parties have entered into and now tender for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline. The Respondent has also submitted an affidavit in accordance with the requirements of Admission and Discipline Rule 23, Section 17(a).

Upon review of said agreement, this Court finds that it should be approved. In accordance therewith, we find under Count I that on March 8, 1983, the Respondent was retained to file an action in a matter arising out of an automobile accident. The Respondent received from the client $25.00 plus an additional $85.00 to file a small claim and to take the defendant's deposition. The Respondent failed to file the action, and the client's attempts to contact Respondent were futile.

Under Count II, we find that on June 11, 1983, the Respondent was retained to seek a bond reduction and to represent the defendant at a hearing scheduled for July 16, 1983. The Respondent received $200.00 for the representation. However, the Respondent failed to seek the bond reduction and failed to appear at the hearing. When the client requested the return of the $200.00 fee, the Respondent agreed to return $150.00 but did not do so until September 5, 1983.

In accordance with the agreed facts as to Count III, we find that in June of 1982, the

Respondent was retained to represent a client in two criminal matters, one in the U.S. Court of Appeals, Seventh Circuit, and one in the U.S. District Court, Northern District of Indiana, Hammond Division. The Respondent failed to properly maintain contact with these courts and failed to promptly notify said courts of changes in her address.

Under Count IV, the parties agree, and we so find, that the Respondent endorsed a cashier's check for $500.00. The check was made payable to an Alfred Moon and was also endorsed by him. He had, on September 1, 1983, forwarded said check to his employee credit union via intercompany mail. When Moon learned that the check had not been received at the credit union, an investigation ensued. It was discovered that the check had cleared and had been deposited into an account at a bank in Gary, Indiana, on September 6, 1983; the account did not belong to Moon or the credit union; in addition to Respondent's endorsement and that of Moon, the check bore the endorsement of a bailbondsman. The Respondent informed the company security officers that she had received the check from a man who identified himself as "Alfred W. Moon". Moon does not know the Respondent and has never retained her as an attorney.

In light of the findings under the four counts and in accordance with the agreement of the parties, we conclude that the Respondent engaged in misconduct. By the conduct set out above, the Respondent has not only breached her professional duty to her clients, she has tarnished the integrity of the Bar and has hindered the orderly administration of the judicial process. By virtue of the misconduct found herein and in accordance with the parties' agreement, we find that the agreed discipline, a suspension from the practice of law for a period not less than six (6) months, is appropriate under the circumstances. At the expiration of such period of suspension, the respondent may seek reinstatement pursuant to the provisions of Ind.R.A.D. 23.

IT IS THEREFORE, ORDERED that the Respondent, Renee S. Jackson, is suspended from the practice of law in the State of Indiana for a period of not less than six (6) months, beginning April 1, 1985.

Costs of this proceeding are assessed against the Respondent.